(No. 75-CC-0331–)

MID-AMERICAN LINES, INC., CONTROL OF BRUCE MOTOR FREIGHT, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 8, 1983.*

ROY J. SOLIFSBURG, JR., for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

The Claimant seeks an award for an overpayment of freight license fees. The parties entered into a stipulation of facts in lieu of an evidentiary hearing before the commissioners of this Court. The undisputed facts are summarized as follows: In October 1971, Mid-American Lines, Inc., gained control of Bruce Motor Freight, Inc., by merger. That merger was approved by the Interstate Commerce Commission on December 31, 1973.

On December 22, 1971, Bruce Motor Freight, Inc., applied for *pro rata* license plates for 1972 and submitted the payment with its application. On July 5, 1972, they filed an amended application with the Secretary of State and at the same time claimed a refund. The parties agree that the amount claimed is $8,797.91.

The claim was filed with this Court on October 21, 1974.

The dispositive issue is whether or not this claim is barred by the applicable statute of limitations. Section 22(g) of the Court of Claims Act (Ill. Rev. Stat. 1979, ch.

37, par. 439.22(g)) provides that all claims not otherwise mentioned in section 22 "must be filed within two years after it first accrues."

The Claimant alleges that the claim did not accrue until it was advised by the Secretary of State in April or May 1974 that the claim for refund had been denied. This cause accrued at the latest on July 5, 1972, when the claim for a refund was filed with the Secretary of State and not when the claim was denied. The claim was not filed with this Court until over two years from the amended filing with the Secretary of State. Pursuant to section 22(g) of the Court of Claims Act, this claim is "forever barred" by the applicable provisions of section 22. It is not necessary to address the issue of the right of the Claimant to a refund on the merits of the claim where such claim is barred by operation of the applicable statute of limitations. Therefore, the claim must be denied.

It is hereby ordered that the claim is denied.